IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONALD WAYNE MULLINS                                                                    PLAINTIFF

V.                                    NO.  4:08cv00656 SWW-JWC

STEVEN BEARDEN, et al                                                                    DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I. Instructions

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

On August 6, 2008, Plaintiff, a pro se inmate who at the time was confined to the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (doc. 2)[1] along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (doc. 4).

On September 12, 2008, Plaintiff submitted a notice of change of address that indicated he was no longer incarcerated in the ADC (doc. 7).  When a plaintiff proceeding in forma pauperis is released from confinement, the Court's policy is to require resubmission of affidavits to determine whether the plaintiff should be required to pay all, or a portion of, the remaining fees and costs of the lawsuit.  By order entered the same day (doc. 8), Plaintiff was directed to resubmit his request to proceed in forma pauperis on or

---

[1] Concerning events that took place while he was a pretrial detainee in the Lonoke County Detention Center.

before October 14, 2008, if he wished to proceed with this lawsuit.  Plaintiff was advised that his failure to timely respond to the Court's order would result in a recommendation that his case be dismissed for failure to prosecute and for failure to respond to the Court's order.  Plaintiff was additionally advised that such a dismissal would count as a strike pursuant to 28 U.S.C. § 1915(g).  The Court's September 12, 2008, order was returned as undeliverable (doc. 10).  Plaintiff thereafter submitted a notice that included a <u>complete</u> new address (doc. 11); therefore, by order entered September 25, 2008 (doc. 13), the Clerk was directed to resend a copy of the Court's September 12, 2008, order to Plaintiff at his corrected and updated address.  Plaintiff was given an additional thirty days to resubmit his request to proceed in forma pauperis and was again advised of the consequences for his failure to do so.

The Court's September 25, 2008, order has not been returned, and no responsive filing has been received from Plaintiff, despite the Clerk's certification that a copy of that order (as well as the September 12, 2008, order) was mailed to him personally the same day as entered at his last known address.[2]  Plaintiff has not informed the Court of any additional change in his address. Under these circumstances, dismissal of Plaintiff's case is appropriate.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); <u>Brown v. Frey</u>, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting <u>Haley v. Kansas City Star</u>, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's

---

[2] 11721 Highway 38, Ward, Arkansas 72176.

failure to comply with <u>any</u> court order; such a dismissal may be <u>with</u> prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); <u>Garrison v. Int'l Paper Co.</u>, 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the facts enumerated above, IT IS RECOMMENDED that:

1. Plaintiff's case should be DISMISSED in its entirety WITHOUT PREJUDICE.

2. All PENDING MOTIONS should be DENIED AS MOOT.

DATED this 3rd day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE